UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

BRADFORD F KIRBY

CIVIL ACTION NO. 25-cv-1345

VERSUS

JUDGE TERRY A. DOUGHTY

STATE OF NEW HAMPSHIRE ET AL

MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

### Introduction

Bradford F. Kirby ("Plaintiff"), who is self-represented, filed this civil action against the State of New Hampshire and multiple other defendants based on complaints of wrongful enforcement and collection of child support obligations. Among his complaints is that the Social Security Administration wrongfully honored a garnishment order issued by a New Hampshire child support agency. Before the court is the United States' Motion to Dismiss (Doc. 22) based on sovereign immunity. For the reasons that follow, it is recommended that the motion be granted and that all claims against the Social Security Administration and its officials be dismissed.

### Analysis

Plaintiff's complaint listed as defendants the Social Security Administration, (then) Acting Commissioner Carolyn W. Colvin, and Assistant Regional Commissioner Beatrice Disman. Plaintiff complained that the New Hampshire defendants sent the Social Security office "a fraudulently created Court Order by a DHHS employee, Jennifer Fields" to garnish Plaintiff's benefits. Complaint, p. 80. The United States has challenged the claim

with a Rule 12(b)(1) motion, which allows a party to challenge subject matter jurisdiction and allows the court to consider the complaint along with undisputed facts or evidence in the record.  Ramming v. U.S., 281 F.3d 158, 161 (5th Cir. 2001).  Plaintiff, as the party asserting jurisdiction, bears the burden of proof to defeat the Rule 12(b)(1) motion.  Id.

"It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."  U.S. v. Mitchell, 103 S. Ct. 2961, 2965 (1983).  In other words, the United States has sovereign immunity from any lawsuit for any reason.  "In order to hale the federal government into a court proceeding, a plaintiff must show that there has been a valid waiver of sovereign immunity."  Lewis v. Hunt, 492 F.3d 565, 570 (5th Cir. 2007). ' "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text ... and will not be implied.' " Id. (quoting Lane v. Pena, 116 S.Ct. 2092 (1996).  " 'Moreover, a waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign.' " Id.  See Wagstaff v. U.S. Dep't of Educ., 509 F.3d 661, 664 (5th Cir. 2007).

The Government points to Plaintiff's allegations in his complaint and submits related documents.  The Government's motion is accompanied by a copy of an Income Withholding for Support Order issued by a New Hampshire child support agency and directed to Social Security.  The order is signed by Jennifer Fields, Child Support Officer, and dated February 14, 2025.  It directs that payment be remitted to the New Hampshire Department of Health and Human Services.

The Government reports that Plaintiff receives disability benefits under Title II of the Social Security Act.  Title II contains an anti-assignment provision which generally protects benefits from being seized by creditors.  42 U.S.C. § 407.  But Congress has granted a limited waiver of sovereign immunity to permit garnishment proceedings to be brought against the United States "for enforcement of child-support and alimony obligations." 42 U.S.C. § 659; Rose v. Rose, 107 S.Ct. 2029, 2038 (1987) ("[Section 659(a)] was intended to create a limited waiver of sovereign immunity so that state courts could issue valid orders directed against agencies of the United States Government attaching funds in the possession of those agencies.").

That limited waiver does not, however, expose the United States to lawsuits by persons who are unhappy with such garnishments. Section 659 also provides: "Neither the United States, nor the government of the District of Columbia, nor any disbursing officer shall be liable with respect to any payment made from moneys due or payable from the United States to any individual pursuant to legal process regular on its face, if the payment is made in accordance with this section and the regulations issued to carry out this section." 42 U.S.C. § 659(f)(1).

"The term 'legal process' means any writ, order, summons, or other similar process in the nature of garnishment--(A) which is issued by--(i) a court or an administrative agency of competent jurisdiction in any State, territory, or possession of the United States; (ii) [a court or agency of a foreign country]; or (iii) an authorized official pursuant to an order of such a court or an administrative agency of competent jurisdiction or pursuant to State or local law; and (B) which is directed to, and the purpose of which is to compel, a

governmental entity which holds moneys which are otherwise payable to an individual to make a payment from the moneys to another party in order to satisfy a legal obligation of the individual to provide child support or make alimony payments." 42 U.S.C. § 659(i)(5).

In U.S. v. Morton, 104 S.Ct. 2769 (1984), the Supreme Court addressed whether the federal government could be held liable for honoring a state court's writ of garnishment when there was a challenge to the legality of the writ issued by the state court. The case arose when an Alabama court issued a garnishment order against the pay of an Air Force colonel stationed in Alaska to satisfy alimony and child support debts. The colonel argued the order was void because the Alabama court lacked personal jurisdiction over him. The Supreme Court unanimously held that under 42 U.S.C. § 659 the government was immune from liability when it complies with a legal process that is "regular on its face." The Court noted that "[t]he statutory requirement that the garnishee refer only to the 'face' of the process is patently inconsistent with the kind of inquiry that may be required to ascertain whether the issuing court has jurisdiction over the obligor's person." Id., 104 S.Ct. at 2773.

Plaintiff makes a lengthy argument that he does not owe child support, and he attacks the New Hampshire order as fraudulent because the underlying debt is invalid and because the child support officer allegedly lacked authority to issue the order. The order is, however, legal process that is regular on its face. Accordingly, neither the United States nor any disbursing officer shall be liable with respect to any payment made pursuant to the garnishment. A claim very similar to Plaintiff's was dismissed in Simon v. Soc. Sec. Admin., 2025 WL 3085306 (D. D.C. 2025) based on these same statutory provisions.

Page 4 of 6

Plaintiff has not met his burden of establishing that the United States waived sovereign immunity to allow his suit against the Social Security Administration. Section 659(f)(1) protects both the United States and any disbursing officer, so all claims against the Social Security Administration, Acting Commissioner Carlyn W. Colvin, and Assistant Regional Commissioner Beatrice Disman should be dismissed.

Accordingly,

It is recommended that the United States' Motion to Dismiss (Doc. 22) be granted and that all claims against the Social Security Administration, Acting Commissioner Carlyn W. Colvin, and Assistant Regional Commissioner Beatrice Disman be dismissed for lack of subject matter jurisdiction.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to

proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 25th day of March, 2026.

Mark L. Hornsby
U.S. Magistrate Judge