UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

BRADFORD F KIRBY

VERSUS

STATE OF NEW HAMPSHIRE ET AL

CIVIL ACTION NO. 25-cv-1345

JUDGE TERRY A. DOUGHTY

MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Bradford F. Kirby ("Plaintiff"), who is self-represented, filed this civil action against the State of New Hampshire, the New Hampshire Department of Health and Human Services, Bureau of Child Support Services, the Social Security Administration, and multiple other defendants based on his dissatisfaction with the collection of child support obligations. Before the court is Plaintiff's Motion for Recusal (Doc. 34). For the reasons that follow, it will be denied.

The undersigned magistrate judge recently issued a Report and Recommendation that recommended Plaintiff's claims against the Social Security Administration and related defendants be dismissed for lack of subject matter jurisdiction. Judge Doughty adopted that recommendation over Plaintiff's objections.

The undersigned simultaneously issued a memorandum order (Doc. 30) that required Plaintiff to file a Restated and Amended Complaint that complies with the Federal Rules of Civil Procedure. Plaintiff's original complaint was 174 pages, and it was accompanied by 666 pages of exhibits, for a total of 840 pages. The undersigned discussed the requirements of Fed. R. Civ. Pro. 8(a) and concluded that the length of Plaintiff's

complaint was ridiculous, given that respected civil rights attorneys file complaints with multiple claims that are rarely longer than 20 to 25 pages, with many being much shorter. The undersigned discussed court decisions that found similar lengthy complaints excessive and determined that Plaintiff's complaint was "far too lengthy and convoluted to comply with Rule 8."

Plaintiff was allowed from the March 25 order until April 21, 2026 to file a proposed Restated and Amended Complaint of no more than 30 pages and with proposed exhibits not to exceed 20 pages. Plaintiff was warned that sanctions, including dismissal, could follow if he proposed an amended complaint that the court found was another attempted abuse of the judicial process. Plaintiff was also advised that the court likely lacks subject matter and personal jurisdiction over several of the defendants he has named. The order granted any defendant previously served an extension of time until further order of the court to file an answer or other responsive pleading.

Plaintiff filed objections (Doc. 33) to the Report and Recommendation regarding the Social Security defendants. He included in the objections a request for recusal of the undersigned magistrate judge, and those arguments were docketed as a separate motion for recusal (Doc. 34). Plaintiff argued that the memorandum order regarding the need to file a restated and amended complaint "unethically continues to grant unjust and unfair concessions to the Defendants" who Plaintiff urges are in default. Plaintiff has complained repeatedly that the various defendants should be cast in default for lack of timely answers. Plaintiff characterizes the court's order as a "rant" that threatened him and made "numerous derogatory remarks" against his character. Plaintiff accused the undersigned of favoritism,

based largely on Plaintiff's perception that the court has refused to enter defaults against the defendants.  He expressed concern that "the Court and one of the Defendants' Counsel share the same location in Shreveport, LA for their offices" and suggested that the court has "greatly favored his neighboring Counsel and his defendants."  Plaintiff asked that the undersigned recuse himself from this case and rescind all prior orders and recommendations.

A magistrate judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a).  The standard is whether a reasonable and objective person, knowing all of the facts, would harbor doubts concerning the judge's impartiality.  U.S. v. Jordan, 49 F.3d 152, 155 (5th Cir. 1995).  The inquiry is made with regard to "how things appear to the well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person." Id. at 156.  A judge is presumed to be impartial, and the party seeking recusal bears the substantial burden of proving otherwise.  IFG Port Holdings LLC v. Lake Charles Harbor & Terminal Dist., 742 F. Supp. 3d 530, 542 (W.D. La. 2024).

Plaintiff has not met his burden of showing that recusal is warranted.  The suggestion that a judge must recuse if counsel for a party has an office in the same building is patently frivolous.  The Tom Stagg United States Court House includes offices for multiple judges, including the undersigned, as well as the United States Attorney's Office (which represents the Social Security defendants).  That is not unusual.  Courthouses throughout the nation often house judges, prosecutors, and public defenders under one roof.

Plaintiff's characterization of the court's order as a rant or personal attack on him is not well founded.  Any objective observer who read the order would not perceive it in that way.  It was a reasoned order based on the rules and reported decisions, and the undersigned has entered a similar order in other cases where a plaintiff filed an excessively lengthy complaint.  See, e.g., Moreland v. Kolb, 24-cv-1424 at Doc. 57.  Plaintiff has also argued that the court should have ordered this correction soon after he filed his complaint.  Judges do not read every complaint or filing as it is filed.  Filings are typically not reviewed by the court until a motion or other event requires review and a decision.  Plaintiff's case was handled just like every other civil action.

Plaintiff, like many self-represented parties, has fixated upon a perceived entitlement to win by default.  See, e.g., Docs., 9 & 20.  Even if there has been some form of technical or procedural default by a defendant, default judgments are disfavored.  There is a strong policy in favor of decisions on the merits and against resolution of cases through default, which is a drastic remedy not favored by the federal rules and resorted to by courts only in extreme situations.  Lindsey v. Prive Corp., 161 F.3d 886, 893 (5th Cir. 1998).

Plaintiff would also face another major hurdle with respect to obtaining a valid default judgment in this case.  As noted in the prior order, the court likely lacks subject matter and personal jurisdiction over several (if not all) of the defendants. A default judgment is void if the court that rendered it lacked subject matter jurisdiction or personal jurisdiction over the defendant.  New York Life Ins. Co. v. Brown, 84 F.3d 137, 143 (5th Cir. 1996); Sys. Pipe & Supply, Inc. v. M/V VIKTOR KURNATOVSKIY, 242 F.3d 322,

324 (5th Cir. 2001).  A district court has the duty to assure that it has the power to enter a valid default judgment.  Sys. Pipe & Supply, 242 F.3d at 324.

The undersigned has rarely, if ever, refused to set aside a default or entertained a motion for default judgment when a defendant appeared in a reasonably prompt fashion and expressed a desire to defend a case on the merits.  And a default has certainly never been approved when there was significant doubt about the court's jurisdiction.  The court's rejection of Plaintiff's efforts to obtain a default is nothing personal to him.  The same rules apply to all other plaintiffs in the same position.  For these reasons, Plaintiff's **Motion for Recusal of Magistrate Judge (Doc. 34)** is **denied**.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 29th day of April, 2026.

_____
Mark L. Hornsby
U.S. Magistrate Judge