UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

BRADFORD F KIRBY                              CIVIL ACTION NO. 25-cv-1345

VERSUS                                       JUDGE TERRY A. DOUGHTY

STATE OF NEW HAMPSHIRE ET AL                 MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

**Introduction**

Bradford F. Kirby ("Plaintiff"), who is self-represented, filed this civil action against the State of New Hampshire, the New Hampshire Department of Health and Human Services, the Bureau of Child Support Services, the Social Security Administration, and several other individual and agency defendants.  Plaintiff asserted a host of claims based on allegations of wrongful collection of child support obligations.  The court recently pointed out serious flaws in Plaintiff's 840-page complaint and ordered that he file a Restated and Amended Complaint of no more than 30 pages.  Plaintiff submitted a filing in response to the order, but it also failed to comply with the applicable rules.  For the reasons that follow, it is recommended that all remaining claims in this civil action be dismissed.

**Procedural History**

Plaintiff's original complaint alleged that the Social Security Administration wrongfully honored a garnishment order issued by a New Hampshire child support agency. The Government filed a motion to dismiss, and the court granted it by dismissing all claims

against the Social Security Administration, Acting Commissioner Carolyn W. Colvin, and Assistant Regional Commissioner Beatrice Disman.  Docs. 29 & 35.

With respect to the remaining New Hampshire defendants, the court issued a memorandum order (Doc. 30) that required Plaintiff to file a Restated and Amended Complaint that complies with the Federal Rules of Civil Procedure.  The order noted that Plaintiff's original complaint was 174 pages, and it was accompanied by 666 pages of exhibits, for a total of 840 pages.  The complaint discussed the history of the New Hampshire child support litigation as well as matters such as a 2019 suicide prevention annual report and various statistics, a blow-by-blow description of events leading to a license revocation, garnishment of social security benefits, discussions of law ranging from the Constitution to Black's Law Dictionary, the Uniform Commercial Code, the right to travel, various federal criminal statutes, and the Administrative Procedures Act.  The exhibits included lengthy copies of various state and federal statutes, and copies of letters, court orders, and other documents associated with the claims.

The memorandum order explained that Federal Rule of Civil Procedure 8(a) requires that a complaint include a "short and plain statement of the claims showing that the pleader is entitled to relief."  Rule 8(d)(1) adds that each averment of a pleading "shall be simple, concise, and direct."  The Supreme Court has explained that a plaintiff's complaint must plead enough facts to "state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955 (2007)).  The factual allegations must "raise a right to relief above the speculative level."  Twombly, 127 S.Ct. at 1965.

The court explained that the extreme length of Plaintiff's complaint was ridiculous, considering that many skilled and respected civil rights attorneys file complaints with multiple claims that are rarely longer than 20 to 25 pages.  The order cited several decisions in which federal courts have rejected complaints that were less offensively long than Plaintiff's.  The court determined that Plaintiff's complaint was far too lengthy and convoluted to comply with Rule 8.

Plaintiff was given an opportunity to propose a pleading that set forth his claims in compliance with the Federal Rules of Civil Procedure.  The order stated that any proposed amended complaint should be styled as a Restated and Amended Complaint that, if allowed to be filed, would supersede and replace the original complaint and any prior amendments. The order set a limit of 30 pages and no more than 20 pages of exhibits.  The order warned: "If Plaintiff proposes an amended complaint that the court finds is another attempted abuse of the judicial process, the court may refuse to allow the filing, dismiss this civil action with prejudice, and enter final judgment."  The court also pointed out that the State of New Hampshire and its state agencies are likely entitled to Eleventh Amendment immunity, and the court may not have personal jurisdiction over the several defendants located in New Hampshire.  The court suggested that Plaintiff might be well served to dismiss this civil action and attempt to assert his claims in a New Hampshire court that would more likely have personal jurisdiction over the defendants.

Plaintiff responded by filing a motion to recuse the undersigned on the grounds that, among other things, the memorandum order was unethical, a "rant" directed at Plaintiff,

and made derogatory remarks about Plaintiff.  The motion was denied in a reasoned order. Doc. 39.

**The Restated and Amended Complaint**

Plaintiff also filed a document titled Affidavit of Truth Affiant's Amended Constitutional Tort and Harms Claim (Doc. 37).  It states in the introduction that the "restating and amending" of the original complaint has been prepared "under threat" of the prior order and is an "amended version" of the original complaint.  Despite the confusing title, the court will treat this as Plaintiff's attempt to file a proper Restated and Amended Complaint.

Plaintiff's filing, rather than set forth a short and plain statement of the facts, begins with (1) an argument about the fairness of the requirement that Plaintiff amend his complaint and (2) contentions that the U.S. Attorney, in filing a motion to dismiss, "knowingly misled the Court to hide the undisputed criminal activities of his client, which they acknowledged and agreed to committing against the Affiant."  (Plaintiff contends in various filings that the defendants are in default, thus his constant assertions that the defendants have admitted to various wrongdoings alleged by him.)

Section III of the pleading is titled Identified Defendants and Co-Defendants.  It does not name a single defendant.  Rather, it states that it "identifies the same Defendant Agencies, Employees, and Co-conspirators as originally listed."  Much like the irregular title of the pleading, this is another failure.  This pleading was supposed to be a restated complaint that would supersede the original and not draw from it.  Plaintiff should have listed each defendant he wished to sue in this proposed amendment.

The pleading goes on to allege the loss of constitutional, civil, and human rights "as the result of the criminal activities" of the New Hampshire defendants. Plaintiff alleges that the enforcement action against him (somehow) violated a New Hampshire Supreme Court order and that the several defendants "had no legal authority or Jurisdiction to move forward against him."

In paragraph 14, Plaintiff set forth a list and summary of the provisions of several constitutional amendments. They include the First, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Eleventh, Thirteenth, and Fourteenth Amendments. He alleges that "the Defendants" violated those amendments, but he does not articulate how any one of them did so. He then sets forth a similar list of "Civil and Human Rights violations committed by the Defendants." The list includes provisions of the Louisiana constitution, Title VI of the Civil Rights Act, several federal criminal statutes, and the United Nations-Universal Declaration of Human Rights of 1948. Plaintiff next sets forth "United States Codes (USC) violations committed by the Defendants" and follows it with citations to statutes including 42 U.S.C. § 1983, 28 U.S.C. § 1746, 18 U.S.C. § 3571, 42 U.S.C. § 1994, and dozens of other laws that relate to matters ranging from the abolishment of peonage to illegal use of a social security number to economic oppression.

Plaintiff states in paragraph 15 that there are six New Hampshire government agencies and ten individual defendants (plus a federal agency and related individuals) "all being sued professionally and personally by the Affiant." He alleges in paragraph 16, "The Defendants' thirteen (13) violations of these eleven (11) U.S. Constitutional Amendments" have caused him enormous harm. He also alleges that "The Defendants" have violated "at

least seven" civil and human rights protections (unspecified) and 56 violations of the U.S. Code, the U.C.C., the Code of Federal Regulations, and the like. The last portion of the pleading is a detailed listing of alleged wrongful garnishments and other damages calculations that result in a demand for more than $2,476,000 for certain harms plus an additional demand of $5,835,000 "per agency per person" for various alleged wrongs. Plaintiff goes on to seek an additional $12,335,000 "per agency per person" from the Social Security Administration and related defendants (although the court has dismissed those federal defendants).

**Analysis**

The court directed Plaintiff to file a Restated and Amendment Complaint. He chose to use a different title. He was ordered to file a short and plain statement of the claims showing that he is entitled to relief. His allegations were to be simple, concise, and direct. They were not.

Plaintiff has asserted multiple claims against multiple defendants under both state and federal law for a host of alleged legal violations. The pleading runs afoul of the prohibition against shotgun pleadings. A shotgun pleading is characterized by containing several counts and naming multiple defendants but not precisely alleging what claims are asserted against which defendant, and without setting forth the facts on which each claim is based. Such complaints put the court and the defendants in the difficult position of attempting to discern the plaintiff's intent. This is particularly true when individual defendants may be entitled to raise a defense of qualified immunity, which requires that the court review the particular allegations against each individual defendant. Monbelly v.

Allied Universal Prot. Servs., 2025 WL 3048925, *2 (W.D. La. 2025); Gadow v. Shearer-Richardson Mem'l Nursing Home, 2024 WL 5058972, *4 (N.D. Miss. 2024); Sistrunk v. Haddox, 2020 WL 2549699, *11 (W.D. La. 2020).

The Fifth Circuit has rejected a similar effort at group pleading. It affirmed the Rule 12(b)(6) dismissal of defendants when oyster farmers sued several entities involved in oil and gas exploration and production that the farmers accused of releasing brine. The claims were found lacking in adequate factual support because they did not allege which defendant harmed the plaintiffs and in what way. The Court noted that the complaint "is more akin to a 'group pleading' complaint, which this Court has rejected." Matter of Settoon Towing, L.L.C., 2024 WL 3520166, *1 (5th Cir. 2024), citing Armstrong v. Ashley, 60 F.4th 262 (5th Cir. 2023).

Plaintiff's attempt to satisfy the court's order that he file a restated and amended complaint in compliance with the Federal Rules of Civil Procedure suffers from the same deficiencies noted in the cited decisions. It refers to several unspecified defendants who were named in an earlier pleading, sets forth an extraordinarily long list of statutes, constitutional amendments, and the like that purportedly support claims, and contends broadly that every defendant violated every law.

This broad form of shotgun pleading by pro se litigants, together with complaints that are hundreds of pages in length, is a recent and unwelcome trend. It is not known whether it is the result of increased usage of AI or just an unfortunate coincidence. In any event, it must stop. The Federal Rules of Civil Procedure are intended to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. Pro.

1.  The rules require a short and plain statement of facts, not mere legal conclusions, that set forth plausible claims against identifiable defendants. Neither the court nor the several defendants should suffer the lost time and monetary expense of responding to an abusive pleading that complies with none of those requirements and is the opposite in almost every way.

Such shotgun, group, or conclusory allegations are not an adequate basis for a plausible civil action brought in good faith. If this were Plaintiff's original complaint, the undersigned might afford him an opportunity to replead his claims in an appropriate manner. But Plaintiff's multiple filings in this case provide a track record that demonstrates that any additional filings will be equally argumentative, conclusory, and shotgun in style. The most appropriate decision under these circumstances is to put an end to this civil action, which already has gone on too long and caused far too much waste of the court's limited resources. All remaining claims against all remaining defendants should be dismissed for failure to state a claim on which relief may be granted.

Accordingly,

It is recommended that all remaining claims against all remaining defendants be dismissed for failure to state a claim on which relief may be granted.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another

party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 7th day of May, 2026.

Mark L. Hornsby
U.S. Magistrate Judge